Dear Mr. Moseley:
This opinion is in response to your question asking for an interpretation of § 137.750, RSMo Supp. 1979. Specifically, you ask, and we paraphrase your question:
 (1) What is the meaning of the terms "taxing jurisdiction" and "taxing authority" as used in subsection 2 (3) of § 137.750?
 (2) In calculating the percentage of reassessment costs the county shall pay, what classes of property should the county collector include in the formula provided in subsection 2 (3) of § 137.750?
 (3) If the county collector in estimating the charges of reassessment for a particular year overcharges or undercharges a taxing jurisdiction what remedies are available to the parties?
Subsection 2 of § 137.750 provides in pertinent part:
 2. A county ordered to perform a general reassessment by the Commission or a court shall be reimbursed for all reasonable costs expended pursuant to a general reassessment plan approved by the Commission in the manner hereinafter set forth.
. . .
 (3) An additional twenty-five percent from all taxing jurisdictions within the county, including the county but not the state, for reasonable costs actually incurred pursuant to an approved plan which are incurred for the expenses specified in subdivision (4) of this subsection. The amount to be paid by each taxing jurisdiction shall be on the percentage basis that the tax proceeds received by such taxing jurisdiction for the preceding year bears to the total tax proceeds received by all such taxing jurisdictions within the county during that same preceding year. The county collector shall estimate the costs which will be incurred pursuant to the approved plan for the following year and which are allocable to local taxing jurisdiction. A percentage of all ad valorem property tax collections allocable to each taxing authority, except the state, based on the percentage basis determined as provided in this subdivision shall be deducted by the collector from the collections of taxes due on December thirty-first of that year. The collector shall bill any taxing authority collecting its own taxes for that taxing authority's proportionate share of the costs incurred pursuant to the approved plan. Such taxing authority shall pay its proportionate share out of such funds as the governing body of that taxing authority may designate. Funds so deducted or paid shall be deposited in the fund provided for in subsection 7. Any amount which is attributable to deductions under this subdivision remaining in the fund each year after payment of all costs shall be paid to the taxing authorities from which it was derived on the same percentage basis as it was deducted originally;
. . . .
In answer to your first question, it is our view that the terms "taxing jurisdiction" and "taxing authority, as used in subsection 2 have essentially the same meaning. Under § 11 (a) of Art. X of the Missouri Constitution, taxes may be levied by counties and other political subdivisions on all property subject to their taxing power. And, under § 15 of Art. X of the Missouri Constitution, the term "other political subdivision," as used in the constitutional article governing taxation is to be construed to include townships, cities, towns, villages, school, road, drainage, sewer and levee districts and any other public subdivision, public corporation or public quasi-corporation having the power to tax.
In answer to your question asking what classes of property the county collector shall include in the formula provided in subsection 2 in calculating the percentage of reassessment costs, it is our view that the deduction is to be made from all ad valorem property tax collections (including distributable property taxes) allocable to each taxing authority and no distinction is made in the subsection between real or personal property. See § 1.020 (11), RSMo, which provides that the word "property" includes real and personal property.
Your last question asks what remedies are available if the county collector in estimating the costs of reassessment for a particular year overcharges or undercharges a taxing jurisdiction.
In the case of a taxing jurisdiction being overcharged, subsection 2 of § 137.750 provides that any amount which is attributable to deductions under that subsection remaining in the fund each year after payment of all costs shall be paid to the taxing authorities from which it was derived on the same percentage basis as it was deducted originally.
Insofar as undercharges are concerned, your question is more difficult. It can be argued that since the legislature has not prescribed a procedure for recovery by the county with respect to undercharges that no such recovery may be had. It is our view, however, that the entire purpose of these provisions was to set up an equitable system for paying for reassessment costs. The legislature has provided precisely how the parties will bear the costs and having so provided, it seems clear that the collector has the right to make up for any undercharge by adding such amounts in calculating future deductions. That the legislature must have intended this result seems all the more obvious when it is considered that the legislature has authorized the collector to bill any taxing authority collecting its own taxes for that taxing authority's proportionate share of the costs incurred pursuant to the approved plan. Thus, we believe that the county has a legally enforceable right to receive each taxing authority's appropriate share of the costs incurred pursuant to the approved plan. Accordingly, if voluntary payment is not made by the undercharged taxing authority, it is proper in this situation for the collector to make up for the undercharges by making deductions from future taxes collected for the undercharged taxing authority.
CONCLUSION
It is the opinion of this office with respect to the provisions of subsection 2 of § 137.750, RSMo Supp. 1979, relating to costs of reassessment, that the terms "taxing jurisdiction" and "taxing authority" have essentially the same meaning; in calculating the percentage of reassessment costs, the county collector should include in the formula all ad valorem real and personal property tax collections, including distributable property taxes; if the county collector undercharges a taxing jurisdiction in estimating the costs of reassessment for a particular year, it is proper for him to make a deduction to recover the undercharge in future tax years, and he is to pay the taxing authority what it has due because of overcharges, as provided in such subsection.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General